IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (819) 962-4411 (WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER (819) 962-4411) | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, John Lopez, Deputy with the United States Marshals Service ("USMS"), Capital Area Regional Fugitive Task Force ("CARFTF"), Washington, D.C., (hereinafter the "affiant") being duly sworn, deposes and states as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41, 18 U.S.C. §§ 2703(c)(1)(A), and 18 U.S.C. § 3512, for information about the location of the cellular telephone assigned call number (819) 962-4411, with International Mobile Subscriber Identity / Electronic Serial Number (819) 962-4411 (the "Target Cell Phone"), whose service provider is BELL MOBILE in Canada, is believed to be roaming on the network for **SPRINT**, a wireless telephone service provider headquartered at 6480 Sprint Pkwy, Overland Park, Kansas 66251.  The specifications for the Target Cell Phone, which is discontinued, operates on CDMA 2000 1x, which means in the U.S. it would roam on two national carriers, Verizon or SPRINT.   I have confirmed with SPRINT that it is the wireless telephone provider for the Target Cell Phone.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. The information requested in this search warrant is being sought pursuant to a request for assistance ("Request") from the Canadian Department of Justice, International Assistance Group in Ottawa, Ontario, Canada, transmitted to Washington, D.C. on or about November 1, 2013. Authorities in Canada are conducting an investigation concerning violations of the criminal laws of Canada, specifically, section 283(1)(a) of the of *Criminal Code* of Canada. A copy of the laws is appended to this affidavit. This Request is made pursuant to the Treaty between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY DOC. NO. 100-14 (1988) (hereinafter, the "Treaty"). Under the Treaty, the United States is obligated to render assistance in response to this Request.

3. I am a duly appointed Deputy of the United States Marshals Service and have been employed as such since April, 2008. I am currently assigned to a Task Force which investigates Federal Fugitives from Justice at the Capitol Area Regional Fugitive Task Force in Washington, D.C., and have been assigned to this Task Force since February 2011. Through my employment with the United States Marshals Service, I have gained knowledge in the use of various investigative techniques including the utilization of physical surveillance, confidential informants, investigative interviews, analyzing telephone pen register and caller identification system data, and the execution of arrest warrants.

4. The facts set forth in this affidavit are based upon information conveyed to the United States "via a request made pursuant to the Treaty by authorities in Canada" and upon my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe that **Marc ADAM** has violated the criminal laws of Canada.  **Marc ADAM** was charged with these crimes on October 29, 2013, and is the subject of an arrest warrant issued in Canada on October 29, 2013, and a provisional arrest warrant issued in the District of Columbia on November 1, 2013.  There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in locating and arresting Marc ADAM , who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

**6.**     On October 28, 2013, Solange Bergeron contacted investigators from the Gatineau City Police Department, which is located in the province of Québec.  She reported to the investigators that she has been married to **Marc ADAM** since 1998, and that they have two children together, Ali Adam (13 years-old) and Nader Adam (11 years-old).  On October 28, 2013, **Marc ADAM** left Canada with the two children in his Sienna Toyota vehicle, license plate K06 FXI\I (Québec), for the United States, without consent of, or notifying, the mother.  Ms. Bergeron further advised that on October 28, 2013, she spoke with **Marc ADAM**, on the Target Cell Phone, who advised that he was going to California.  Marc ADAM is the subscriber of the Target Cell Phone.  She repeatedly asked him to return the children.  He refused.  The Canadian investigators confirmed with United States Customs and Enforcement Protection that **Marc ADAM** entered the United States on October 28, 2013, at Ogdensburg, in New York States.

Since arriving in the U.S., the Canadian investigator contacted **Marc ADAM** on the Target Cell phone on or about October 29, 2013.  **Marc ADAM** answered the phone but refused to give his location.  On October 31, 2013, the Sûreté du Québec (Quebec provincial police force) received information from one of the classmates of one of the allegedly abducted boys.

The classmate said that **Marc ADAM** and the children were in St. Louis, Missouri.

      Later in the day on October 31, 2013, information provided by the cellular phone service Bell Mobile provider led investigators to believe that **Marc ADAM** was in the Tampa Bay, Florida area. However, email exchanges between **Marc ADAM** and a friend reveal that Mr. Adam is travelling in the direction of Las Vegas and then Los Angeles. Furthermore, electronic communication by one of **Marc ADAM's** sons to a classmate sent during the evening of October 31, 2013, showed that it was sent from the Pacific Time Zone. Information recently received from Bell Mobile, indicates the Target Cell Phone is located in Fort Worth, Texas. The requested information is necessary in order to assist in locating the fugitive and his abducted children.

      7.      In my training and experience, I have learned that **SPRINT** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10

or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

8. Based on my training and experience, I know that **SPRINT** can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

9. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41, 18 U.S.C. § 2703(c) and 18 U.S.C. § 3512.

10. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, and enable to fugitive to further evade law enforcement, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

11. I further request that the Court direct **SPRINT** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **SPRINT**. I also request that the Court direct **SPRINT** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **SPRINT**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **SPRINT**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **SPRINT** for reasonable expenses incurred in furnishing such facilities or assistance.

12. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

_____
JOHN LOPEZ, Deputy U.S. Marshal
U.S. Marshal's Service
U.S. Department of Justice

Subscribed and sworn to before me on_____, 2013

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (819) 962-4411 **[**with International Mobile Subscriber Identity (819) 962-4411**] (**the "Target Cell Phone"), whose wireless service provider is Bell Mobile, in Canada, is believed to be roaming on the network for **SPRINT]**, a company headquartered at 6480 Sprint Pkwy, Overland Park, Kansas 66251.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of **SPRINT**, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of SPRINT, SPRINT is required to disclose the Location Information to the government. In addition, SPRINT must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with SPRINT's services, including by initiating a signal to determine the location of the Target Cell Phone on SPRINT's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate SPRINT for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).